IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIK PALMER, | : | |
|     Petitioner | : | No. 1:16-cr-00359-1 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |

## MEMORANDUM

Pro se Petitioner Erik Palmer ("Petitioner") stands convicted of unlawful distribution of heroin resulting in the death of another. Presently before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 97), as well as his response (Doc. No. 103) to the Court's August 5, 2021 Order ("August 5th Order") (Doc. No. 98) directing him to show cause why his § 2255 motion should not be dismissed as untimely. For the following reasons, the Court will dismiss Petitioner's § 2255 motion as untimely.

**I.     BACKGROUND**

On December 7, 2016, a grand jury returned an indictment charging Petitioner with five drug-related offenses, the first of which (Count I) was for unlawful distribution of heroin resulting in death in violation of 28 U.S.C. § 841(a)(1) and (b)(1)(C). (Doc. No. 1.) He subsequently entered into a plea agreement with the Government. (Doc. No. 54.) The plea agreement called for Petitioner to plead guilty to Count I, amended to the extent that Petitioner would not be required to admit, as an element of that charge, that his distribution of heroin caused the death of another. (Id.) In exchange for the Government's agreement to amend the charge, which avoided the mandatory minimum of 20 years' imprisonment for distribution of heroin resulting in death, Petitioner agreed to a sentence of 10 years' imprisonment. (Id.)

On September 7, 2017, Petitioner appeared before Magistrate Judge Carlson for a change

of plea hearing. (Doc. No. 74.) Petitioner admitted that he distributed heroin to a recovering heroin addict ("Megan"), and he agreed to the government's summary of the evidence that it intended to offer at trial, including that: (1) Petitioner agreed to find and supply Megan with heroin for $250 and to provide her with needles; (2) he and Megan injected the heroin while in the back seat of the vehicle of another female ("Sam"); (3) Megan overdosed and died as a result of consuming the heroin; and (4) Petitioner subsequently sold Sam heroin during two controlled purchases in cooperation with Drug Enforcement Administration. (Id. at 23-26.) At the conclusion of the change of plea hearing, Magistrate Judge Carlson determined that Petitioner was fully competent to enter an informed plea and understood the consequences of his plea, that he was pleading guilty knowingly and voluntarily, and that the plea was supported by an independent basis in fact. (Id.) On that date, Magistrate Judge Carlson recommended that the Court accept Petitioner's guilty plea. (Doc. No. 62.)

On September 25, 2018, the Court accepted the parties' plea agreement, sentenced Petitioner to ten years' imprisonment, and entered judgment. Petitioner did not appeal the judgment to the United States Court of Appeals for the Third Circuit. Years later, on August 3, 2021, Petitioner filed the pending § 2255 motion. (Doc. No. 97.) In his petition, Petitioner asserts that he is innocent of distributing (rather than merely possessing) heroin, and that his plea counsel erroneously advised him to plead guilty, misinformed him that "he did not have any chance at success at trial," and prevented "him from making an informed decision concerning whether to plead guilty or not." (Id. at 14-17.) Petitioner submits that "he clearly would not have plead[ed] guilty to violating [28 U.S.C. § 841] when the evidence proved only a violation of [28 U.S.C. § 844]," relating to possession of controlled substances. (Id. at 17.)

Because Petitioner did not file his § 2255 motion within one year of the date on which his

judgment became final, the Court ordered him to show cause why his motion should not be dismissed as untimely under the one-year statute of limitations applicable to § 2255 motions. (Doc. No. 98.) Petitioner responded to the Court's August 5th Order on August 12, 2021, asserting that he can overcome the bar arising from his failure to file a timely § 2255 petition because he is actually innocent of the offense to which he pleaded guilty. (Doc. No. 103.) While the Court's August 5th Order permitted the Government to file a response to Petitioner's claims concerning timeliness, the Government did not file a responsive submission.

## II.   LEGAL STANDARD

Section 2255(a) provides that a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the [C]ourt was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255(a). However, § 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing. See United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). Rather, § 2255 is implicated only when the alleged error raises "a fundamental defect which inherently results in a complete miscarriage of justice." See Addonizio, 442 U.S. at 185.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner has one year from the time his conviction becomes final to file a § 2255 motion. See 28 U.S.C. § 2244. The one-year limitations period begins to run from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if

the movant was prevented by making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

See id. § 2255(f).  Generally, the one-year limitations period begins to run on "the date on which the judgment of conviction becomes final."  See id. § 2255(f)(1).  In this context, a judgment of conviction becomes final on the date on which the time for filing a timely direct appeal expires.  See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

### III.   DISCUSSION

#### A.   Timeliness of Petitioner's § 2255 Motion

Petitioner's judgment of conviction was entered on September 25, 2018.  (Doc. No. 86.) He had 14 days to file a notice of appeal.  See Fed. R. App. P. 4(b)(1)(A)(i).  Petitioner did not appeal, so his judgment of conviction became final on October 9, 2018.  See United States v. Carey, No. 1:08-cr-435-1, 2015 WL 3752523, at *1 (M.D. Pa. June 16, 2015).  Therefore, Petitioner had one year from October 9, 2018, or until October 9, 2019, to file a timely § 2255 motion.  Petitioner filed his § 2255 motion almost two years later, on August 3, 2021.  (Doc. No. 97.)  Accordingly, unless Petitioner is entitled to belated commencement of the limitations period under § 2255(f)(2)-(4), or equitable tolling or some other exception to the limitations period, his motion is time-barred.  See generally Holland v. Florida, 560 U.S. 631 (2010); Ross v. Varano, 712 F.3d 784 (3d Cir. 2013).  Petitioner does not assert that he is entitled to belated commencement of the limitations period under any of the subdivisions in § 2255(f).  Nor does he seek equitable tolling of the limitations period.  Rather, he invokes the "actual innocence" exception to the one-year statute of limitations that governs his claims.

4

The Third Circuit has recognized that courts can entertain "an untimely first federal habeas petition raising a convincing claim of actual innocence . . . ." See McQuiggin v. Perkins, 569 U.S. 383, 398 (2013). "[A]ctual innocence, if proved, serves as a gateway through which a [habeas] petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." See id. at 386. "This rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." Id. at 392 (internal quotation marks omitted) (quoting Herrera v. Collins, 506 U.S. 390, 404 (1993)). "To invoke the miscarriage of justice exception, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of [] new[ly] [discovered] evidence.'" Id. at 399 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). The "fundamental miscarriage of justice exception" is "rare" and "only [to] be applied in the 'extraordinary case' . . . ." See Schlup, 513 U.S. at 321.

Petitioner argues that he has overcome AEDPA's one-year statute of limitations because he is actually innocent of distributing drugs as charged in Count I of his indictment. In the declaration attached to his § 2255 motion, Petitioner maintains that "[s]ometime in the winter of 2015 – 2016, Megan contacted [him] on Facebook asking if [he] knew anyone who had any good heroin." (Doc. No. 97 at 21.) Petitioner told Megan that the two "could 'hang out' and get high together on January 15, 2016," and that he "knew someone who sold really good bags of heroin." (Id.) Petitioner avers that he, Megan, and Sam "drove to meet a heroin dealer that she knew." (Id. at 21-22.) The three "shared some of [the drug] right away before going to a local bar to play pool." (Id. at 22.) Petitioner alleges that Sam, with Petitioner as a passenger, dropped Megan off at her house. (Id.) "[S]ince [Megan had] purchased the heroin, she had the rest of

heroin from earlier in her purse," according to Petitioner.  (Id.)  Based on these assertions, Petitioner submits that he did not "distribute" heroin but was merely one of three "individuals who 'simultaneously and jointly acquire[d] possession of a drug for their own use, intending only to share it together[.]'"  See Weldon v. United States, 840 F.3d 865, 866-67 (7th Cir. 2016) (quoting United States v. Swiderski, 548 F.2d 445, 450 (2d Cir. 1977)).  He cites to the general proposition that, where individuals acquire possession of drugs "from the outset" and do not "intend[] to distribute the drug to a third person,'" none of the individuals "serves as a link in the chain of distribution."  See Weldon, 840 F.3d at 866-67 (internal quotation marks omitted) (quoting United States v. Swiderski, 548 F.2d 445, 450 (2d Cir. 1977)).[1]

Having reviewed Petitioner's § 2255 motion, the declaration attached to his motion, his response to the Court's August 5th Order, and the applicable law, the Court finds that Petitioner has failed to establish that this is the "rare" and "extraordinary case" in which a showing of actual innocence suffices to overcome AEDPA's time bar.  "To be credible a claim of actual innocence must be based on reliable evidence not presented at trial."  Schlup, 513 U.S. at 324.  A petitioner asserting such a claim must demonstrate: "(1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner."  See Sistrunk v. Rozum, 674 F.3d 181, 191 (3d Cir. 2012).  Here, "Petitioner's 'new' evidence is limited to his own self-serving and conclusory [declaration]—'evidence' that is not new or reliable."  See Gilbert v. Wolfe, No. 03-cv-5807, 2004 WL 1126026, at *1 (E.D. Pa. May 19, 2004); see also Vidmosko v. Glunt, No. 1:15-cv-288, 2015 WL 2250238, at *4 (M.D. Pa. May

---

[1] The Third Circuit recently acknowledged this principle in holding that a lower court erred when it denied a defendant's "request for a jury instruction stating that two or more individuals who jointly and simultaneously acquired possession of a controlled substance for their shared personal use may be found guilty only of simple possession."  See United States v. Semler, No. 19-2319, 2021 WL 2201598, at *5 (3d Cir. June 1, 2021) (not precedential).

12, 2015) (rejecting a claim of actual innocence where the petitioner failed to point to any newly discovered evidence). Additionally, the allegations in Petitioner's declaration are belied by his admissions at the change of plea hearing, where he admitted under oath to having distributed heroin. The statements in his declaration are, in short, not reliable, even if they were "new." Indeed, courts have held that a guilty plea alone may preclude application of the actual innocence exception. See, e.g., Vidmosko, 2015 WL 2250238, at *4 (holding that a petitioner who pleaded guilty to an offense and "admitted under oath that he was guilty of" the offense "cannot [] claim actual innocence to invalidate his guilty plea"); see also Henriques v. Hollingsworth, No. 14-cv-1242, 2015 WL 3745184, at *5 (D.N.J. June 15, 2015) (rejecting application of the actual innocence exception because the petitioner had "actually pled guilty to the offense charged").

In any event, even if the allegations in Petitioner's declaration constituted newly discovered, reliable evidence, the allegations are not "so probative of innocence that no reasonable juror" could have convicted him of distributing heroin. See Sistrunk, 674 F.3d at 191. At best, Petitioner's averments, if he had chosen to proceed to trial, may have warranted a jury instruction concerning his assertion that he, Megan, and Sam "jointly and simultaneously acquired possession" of the heroin "for their shared personal use." See Semler, 2021 WL 2201598, at *5. But the mere possibility that such a jury instruction may have been appropriate does not establish that no reasonable juror, so instructed, would have convicted him of distributing heroin. Moreover, it is not even clear whether Petitioner would be entitled to such an instruction if he did proceed to trial. The case he relies on, Weldon, involved individuals who had shared the expense of drugs, see Weldon, 840 F.3d at 866, whereas Petitioner asserts that Megan alone purchased the drugs. Significantly, the court in Weldon did not discuss the one-year statute of limitations for the filing § 2255 motions, which apparently was not implicated in

that case. See id. at 865-87. The court merely addressed the merits of Petitioner's claims of ineffective assistance of counsel. See id. Here, in contrast, the Court has no authority to consider the merits of Petitioner's underlying claims concerning his counsel's purported ineffective assistance during plea negotiations and sentencing, as such claims are time-barred.

    **B.**    **Evidentiary Hearing**

Section 2255(b) advises that a petitioner may be entitled to a hearing on his motion. The decision to hold a hearing is wholly within the discretion of the district court. See Gov't of V.I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Gov't of V.I. v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). Here, the Court finds that "the motion and files and records of this case show conclusively that the movant is not entitled to relief." See United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005). Accordingly, the Court finds no reason to hold an evidentiary hearing in this matter.

    **C.**    **Certificate of Appealability**

In proceedings brought under § 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, the Court concludes that jurists of reason would not find the disposition of this case debatable.  Accordingly, the Court will not issue a COA.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's § 2255 motion (Doc. No. 97) as untimely.  The Court will not conduct an evidentiary hearing and will not issue a COA.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
